CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

APR 0 7 2009

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **KENNETH EDWARD BARBOUR,** | ) | **Civil Action No. 7:09-cv-00077** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **M. STANFORD, et al.,** | ) | **By: Hon. James C. Turk** |
| **Defendants.** | ) | **Senior United States District Judge** |

Plaintiff Kenneth Edward Barbour, a Virginia inmate proceeding pro se, filed a civil

rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343.

Barbour names numerous officials of the Wallens Ridge State Prison and the Virginia

Department of Corrections. Barbour complains that he has not yet had a parole hearing and that

the Virginia law abolishing parole is unconstitutional. This matter is before the court for

screening. After reviewing all of Barbour's submissions, the court dismisses the complaint for

failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Liberally construing Barbour's cryptic complaint, Barbour believes he is entitled to a

parole hearing for his conviction from a Virginia court in June 2001.[1] Virginia Code § 53.1-

165.1 states that parole "shall not apply to any sentence imposed or to any prisoner incarcerated

upon a conviction for a felony offense committed on or after January 1, 1995. Any person

sentenced to a term of incarceration for a felony offense committed on or after January 1, 1995,

shall not be eligible for parole upon that offense." Therefore, Barbour is not entitled to a parole

---

[1] The following passage is representative of the language throughout Barbour's complaint:
Amendment XXV by awareness to constitutional deprivation held to Virginia law holding no
parole by noting myself a president and succession to Vice President to Presidency in tone to my
death or resignation to bad behavior, a compensated Vice President would become President. . . .
(Compl. 3.)

hearing because he committed the crime for which he is imprisoned after January 1, 1995.

Barbour claims that Virginia Code § 53.1-165.1 is unconstitutional under numerous provisions of the United States Constitution. As support, Barbour cites without explanation Articles I - VI, the First Amendment, the Second Amendment, the Third Amendment,[2] the Fourth Amendment, the Sixth Amendment, the Seventh Amendment,[3] the Eighth Amendment, the Thirteenth Amendment,[4] the Fourteenth Amendment, the Fifteenth Amendment,[5] the Sixteenth Amendment,[6] the Seventeenth Amendment,[7] the Eighteenth Amendment,[8] Nineteenth Amendment,[9] the Twentieth Amendment,[10] the Twenty-First Amendment,[11] the Twenty-Fifth Amendment,[12] and the Twenty-Seventh Amendment.[13]

---

[2] The Third Amendment generally prohibits housing soldiers in private homes.

[3] The Seventh Amendment provides for a trial by jury in civil cases.

[4] The Thirteenth Amendment prohibits slavery.

[5] The Fifteenth Amendment protects a citizen's right to vote regardless of race, color, or previous condition of servitude.

[6] The Sixteenth Amendment authorizes Congress to collect income taxes.

[7] The Seventeenth Amendment provides for the election of United States Senators by the citizens of their respective states.

[8] The Eighteenth Amendment, now repealed, prohibited intoxicating liquors.

[9] The Nineteenth Amendment protects a citizen's right to vote regardless of gender.

[10] The Twentieth Amendment discusses the length of a president's term and congressional sessions.

[11] The Twenty-First Amendment repealed the Eighteenth Amendment.

[12] The Twenty-Fifth Amendment describes succession to the United States presidency and vice-presidency.

[13] The Twenty-Seventh Amendment prohibits modifying Congressional members' compensations until after an election occurs.

II.

A.

The court is required to dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West

3

v. Atkins, 487 U.S. 42, 48 (1988). After reviewing these constitutional provisions and the merits of Barbour's arguments, the court is convinced that Barbour fails to state facts giving rise to any constitutional claim cognizable under 42 U.S.C. § 1983. Furthermore, Barbour does not allege how the Virginia parole statute is unconstitutional under any federal constitutional provision beyond listing numerous constitutional provisions. See Beaudett, 775 F.2d at 1278 (stating a district court cannot be expected to construct full blown claims from sentence fragments). Accordingly, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).[14]

III.

For the foregoing reasons, the court dismisses the complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER:** This _7th_ day of April, 2009.

Senior United States District Judge

---

[14] Barbour also states that the statute is unconstitutional under Virginia's constitution. However, actions brought under 42 U.S.C. § 1983 pertain to the deprivation of any rights, privileges, or immunities secured by the laws and Constitution of the United States. Accordingly, the court declines to exercise any supplemental jurisdiction over any state law claim. See 28 U.S.C. § 1367(c)(3).

4